UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT SHUMAKE,

        Plaintiff,

v.                                        Case No. 1:11-CV-353

DEUTSCHE BANK NATIONAL
TRUST COMPANY,                          HON. GORDON J. QUIST

        Defendant.

_____/

## OPINION

      Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Dkt. #16.)  Plaintiff, Robert Shumake, has filed a response, to which Deutsche Bank replied.  The parties have entered into a stipulated agreement that dismissed all counts except for Shumake's quiet title claim.  (Dkt. #24.)  For the reasons set forth below, Shumake's complaint will be remanded because he lacks Article III standing.

### BACKGROUND

      The following factual background comes from the allegations in Shumake's complaint and the attached exhibits.

      This matter arises out of a dispute over a mortgage on the property commonly known as 9759 Brownie Brook Lane, Charlevoix, MI 49720 ("the property").  In chronological order, the following relevant events occurred involving the property:

-     On June 29, 2006, Shumake mortgaged the property to Long Beach Mortgage Company ("Long Beach"), a division of Washington Mutual Bank, F.A. ("WaMu").  WaMu subsequently ceased to operate.

- Pursuant to an agreement with the Federal Deposit Insurance Corporation, Chase Bank, N.A. ("Chase") acquired the mortgage.

- On November 9, 2009, Chase assigned (or, according to Shumake, attempted to assign) the mortgage to Deutsche Bank.  (Compl. Ex. A.)  Shumake seeks to invalidate this assignment.

- On September 17, 2010, Deutsche Bank foreclosed upon the property.

- On September 27, 2010, a sheriff's deed was executed in Deutsche Bank's favor.

- On March 15, 2011, Shumake filed suit in Oakland County Circuit Court seeking, among other claims, to quiet title in his name free of the mortgage at issue.  Deutsche Bank timely removed the suit to this Court.

- Pursuant to Michigan law, the redemption period for the property expired on March 17, 2011.

Shumake contends that the assignment of the mortgage from Chase to Deutsche Bank should be invalidated for four reasons:[1]

1. The "[a]ssignment lacks sufficient, fair, and/or adequate consideration";

2. "Deutsche Bank failed to pay the 'one dollar' to Chase bank in consideration" for the property;

3. Deutsche Bank failed to notify Shumake of the assignment; and

4. "Deutsche Bank failed to take physical possession of the original mortgage and/or note securing the property."

(Compl. ¶¶ 25-28.)  Shumake claims that his interest in the property is superior to Deutsche Bank's because the assignment from Chase to Deutsche Bank was invalid.  Shumake contends that he has

---

[1] Originally, Shumake also claimed a superior interest because he said that the sheriff's deed contained a false and fraudulent statement.  (Comp. ¶ 30.)  He premised this argument on his belief that the sheriff's deed was recorded *before* the foreclosure sale.  However, Shumake now concedes that he made a mistake because the sheriff's deed was actually recorded ten days after the foreclosure sale.  (Pl.'s Surreply at 2.)

"suffered damage as a direct consequence of the illegitimate interests asserted" by Deutsche Bank. (Compl. ¶ 32.) Shumake asks this Court to vacate and set aside the original mortgage, the promissory note, and the subsequent assignment.

MOTION STANDARD

Fed. R. Civ. P. 12(c) motions are subject to the same standard as review as Fed. R. Civ. P. 12(b)(6) motions. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For the purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citation and quotations omitted). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949.

Moreover, at this stage of the litigation, this standard is also applicable to determine whether Shumake has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992).

ANALYSIS

Deutsche Bank first argues that Shumake does not have standing because he was not a party to the mortgage assignment between Deutsche Bank and Chase. Shumake responds that, since this

3

Court has jurisdiction pursuant to diversity of citizenship, whether Shumake has standing is a question that must be answered in accordance with Michigan law. Therefore, Shumake contends, he has standing: (1) pursuant to M.C.L. § 600.2932, Michigan's quiet title statute; and (2) pursuant to Michigan case law which holds that a landowner has standing to challenge an agreement if that agreement could detrimentally affect or harm his real property interest.

In this Court's judgment, the parties tend to confuse the issue of whether Shumake has constitutional standing, required by Article III, with that of statutory standing, which is a merits-based question that determines whether a plaintiff states a claim for which relief can be granted. *See Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011) (discussing this distinction); Radha A. Pathak, *Statutory Standing and the Tyranny of Labels*, 62 OKLA. L. REV. 89, 111 (2009) (discussing the tendency of federal courts to confuse the issue).

Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975). To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S. Ct. 752, 758 (1982).

Standing is derived from Article III of the Constitution. It is one of the many limits on this Court's subject matter jurisdiction. Regardless of whether Shumake has statutory standing or standing to proceed in Michigan courts, Shumake must have standing that satisfies Article III so that this Court can exercise subject matter jurisdiction over his case. *See Aarti Hospitality, LLC v. City of Grove City*, 350 F. App'x 1, 5 (6th Cir. 2009) (noting the difference in the assessment whether

4

the plaintiffs had *state law* standing to obtain a declaratory judgment as opposed to the assessment whether the plaintiffs satisfied the *constitutional* standing requirements of Article III).  Contrary to what Shumake argues, this Court does not *have* to analyze whether he has standing under Michigan substantive law if he does not have Article III standing.  *Id.* ("[I]t is well-established that the law 'does not dictate a sequencing of jurisdictional issues' and that 'a federal court [may] choose among threshold grounds for denying audience to a case on the merits.'" (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85, 119 S. Ct. 1563, 1570 (1999))); *id* at 7 (citing *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) (finding in a diversity case that "a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury" and thus dismissing plaintiff's claim for lack of Article III standing even though California law authorized plaintiff to bring the lawsuit)).

Shumake lacks standing because has not suffered an injury that is "fairly traceable" to the challenged action.  Shumake alleges that he has suffered an injury "as a direct consequence of the illegitimate interests asserted" by Deutsche Bank.  In other words, the *injury* is that Deutsche Bank foreclosed upon his property.  Though, the *challenged action* is an assignment from Chase to Deutsche Bank.  Deutsche Bank's act of foreclosing is not fairly traceable to the assignment between Chase and Deutsche Bank.  In fact, Shumake does not allege that the mortgage assignment, standing alone, caused him any injury.  Therefore, Shumake lacks standing as required by Article III.

Really, Shumake's injury is fairly traceable to the fact that he failed to make his mortgage payments.  *See, e.g., Cherry v. FCC*, 641 F.3d 494, 495 (2d Cir. 2011) (holding that the plaintiff, the shareholder of a company, lacked standing to challenge the FCC's approval of radio license assignments because the alleged injuries were not caused by the assignments, but instead the

5

plaintiff's injuries were traced to the company's default on its loan obligations). Whether Shumake made his mortgage payments on time had nothing to do with whether Chase validly assigned the mortgage to Deutsche Bank. Either way, Shumake still had to make the same payments–the assignment only altered *to whom* he made the payments; the assignment had no other consequence to Shumake. Moreover, Shumake does not allege that the foreclosure *process* caused him any injury. *Cf., Langley v. Chase Home Fin., LLC,* 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011) (noting that a foreclosed-upon plaintiff challenging the foreclosure based upon defects in the foreclosure *process* would probably have standing as the last rightful owner of the property). Indeed, Shumake does not allege that he suffered any injury as a result of the assignment itself.

Moreover, this Court would not be able to redress Shumake's injury. Even if the assignment were invalid, Chase would have retained the right to foreclose upon the property. That is, had the assignment been invalid, Chase could have taken the same action as that of Deutsche Bank. Shumake does not allege otherwise.

Therefore, for both of these reasons, Shumake lacks standing and this Court does not have jurisdiction to entertain his lawsuit. *Gerlich v. Countrywide Home Loans, Inc.*, 2011 WL 3920235, at *2-3 (D. Minn. Sept. 7, 2011) (finding that a foreclosed-upon plaintiff lacked standing to challenge the assignment of his mortgage because "any injury to Plaintiff in losing his home pursuant to a foreclosure sale is not fairly traceable to the Assignment of Mortgage <u>and</u> is not likely to be redressed by the relief sought" (emphasis added)).

Thus, Shumake's suit will be remanded because this Court lacks subject matter jurisdiction.[2]

---

[2] Constitutional standing and statutory standing are "closely related" and the inquiry is "oftentimes overlapping," *see Roberts*, 655 F.3d at 580 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2, 118 S. Ct. 1003, 1013 n.2 (1998)). If statutory standing applied, the complaint would still have to be dismissed.

In *Livonia Property Holdings v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010), the Sixth Circuit dismissed a factually similar issue on a lack of "standing"; but seemed to do so by looking at the merits. *See, e.g.*, *Roberts, supra*, 655 F.3d at 580-81 (discussing how federal courts often blur the distinction between Article III standing and statutory standing, which is more properly addressed as a merits, not jurisdictional, question).

*See Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (stating that a district court must remand a claim to state court from which it was removed if the district court lacks subject matter jurisdiction).

### CONCLUSION

Shumake's sole remaining claim will be remanded pursuant to Fed. R. Civ. P. 12(b)(1) because Shumake lacks Article III standing.

A separate order will issue.


Dated:  February 2, 2012                          /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE


---

Shumake's claim could be dismissed for the same reasons as discussed in *Livonia Property*.

   In *Livonia Property*, the plaintiff borrower sought to prevent a foreclosure sale by attacking the validity of the assignment of its loan documents.  Analyzing Michigan law, the Sixth Circuit found that "there is ample authority to support the proposition that 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'" *Livonia Prop.*, 399 F. App'x at 102 (citing *Livonia Prop. Holdings v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich. 2010)); *see also Bowles v. Oakman*, 246 Mich. 674, 679, 225 N.W. 613, 614 (1929) (holding that a maker of a promissory not could not challenge his obligations under the note by asserting that an invalid assignment had occurred); *Pashak v. Interstate Highway Constr.*, 1998 WL 2001203, at *1 (Mich. App. Mar. 20, 1998) (holding that a lessee of property did not have standing to challenging the lessor's assignment of certain rights in the lease to a subsequent purchaser because "the parties to the assignment . . . [did] not contest its validity"); *Jarbo v. BAC Home Loan Serv.*, 2010 WL 5211463 (E.D. Mich. Dec. 16, 2010); *Bridge v. Aames Capital Corp.,* 2010 WL 3834059 (N.D. Ohio Sept. 29, 2010).  Sitting in diversity, applying Michigan law, the district court in *Livonia Property* stated:

> In light of these compelling authorities, I hold that Borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the parties to the assignment do no dispute (and in fact affirm) their validity.

717 F. Supp. 2d at 737.  The Sixth Circuit agreed with the district court.